United States District Court
Southern District of Texas
**ENTERED**
April 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARVIN JAVIER SARMIENTO BUTTO, Petitioner, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-01641 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| GRANT DICKEY, *et al*, Respondents. | § § | |

### ORDER ON DISMISSAL

Petitioner Marvin Javier Sarmiento Butto filed a petition for writ of *habeas corpus* on February 27, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) violates constitutional guarantees of due process and equal protection. See id at 3, 5–14.

Prior order noted that the petition appeared to only raise issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 4. But Petitioner was given opportunity to make a further filing with additional authority or distinguishing facts not resolved by those decisions. Ibid. Petitioner didn't respond.

As noted, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection.

The arguments presented by Petitioner in the petition raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The petition for writ of *habeas corpus* by Petitioner Marvin Javier Sarmiento Butto is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on April 30, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge